951 F.2d 1267
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Meliquiades H. LIZARDO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3323.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1991.
 
 Before MICHEL, CLEVENGER and ALARCON,* Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Meliquiades H. Lizardo (Lizardo) petitions for review the August 23, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. SE08319010354, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on April 11, 1991. Because the record contains substantial evidence to support the AJ's decision, we affirm.
 
 DISCUSSION
 
 2
 Lizardo applied for a civil service retirement annuity, based on alleged creditable service from July 13, 1939 to February 28, 1945, pursuant to 5 U.S.C. § 8333 (1988). The Office of Personnel Management (OPM) denied his application, finding that Lizardo had creditable service from June 1, 1941 to February 28, 1945, and thus failed to meet the statutory minimum requirement of five years of creditable service. See 5 U.S.C. § 8333(a).
 
 
 3
 In order to prevail, Lizardo has to prove the contention that he began his creditable service before June 1, 1941. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Lizardo pointed to a July 10, 1979 affidavit of two coworkers that states he was employed with them "from about the later [sic] part of July, 1939...." OPM in response pointed to a May 29, 1945 affidavit form signed by Lizardo which indicates a June 1, 1941 starting date. The AJ recognized that the documentary evidence was not conclusive, but determined as a matter of fact that the official documentation in the form of Lizardo's affidavit was entitled to more evidentiary weight than the coworkers' affidavit.
 
 
 4
 We review the final decisions of the Board pursuant to 5 U.S.C. § 7703(c) (1988). Those decisions must be upheld unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, obtained without proper procedures having been followed, or unsupported by substantial evidence. Id. Here, the AJ credited an affidavit made by the petitioner, closer in time to the events in question, rather than an affidavit made by coworkers 40 years later. This determination was also supported by other documents indicating that Lizardo began his creditable service after June 1, 1941. The AJ's factual determination was not arbitrary or capricious, and was supported by substantial evidence. There is thus no error in the AJ's findings.
 
 
 5
 Finally, Lizardo's claim to a retirement annuity based upon service from 1961 to 1985 was properly rejected. The AJ found that Lizardo presented no evidence that his employment with either the Luzon Stevedoring Corporation or Integrated Services, Inc. was creditable civilian service under 5 U.S.C. § 8333(a). Lizardo as a result failed to establish his entitlement to an annuity via employment with apparently private companies. See Cheeseman, 791 F.2d at 141.
 
 
 6
 Lizardo thus has not established five years of creditable service, and his claim to an annuity was therefore properly denied.
 
 
 
 *
 The Honorable Arthur L. Alarcon, Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation